UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

LISA N. McCLELLAN, )
)
        Plaintiff, )
)
v. ) No. 2:15-CV-221
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
)
        Defendant. )

## MEMORANDUM OPINION

This Social Security appeal is before the Court for consideration of the plaintiff's objections [Doc. 22] to the Report and Recommendation ("R&R) filed by United States Magistrate Judge Clifton L. Corker [Doc. 21]. The Commissioner has responded to plaintiff's objections [Doc. 23]. Magistrate Judge Corker found that substantial evidence supported the findings of the Administrative Law Judge ("ALJ") denying plaintiff's application for disability insurance benefits under the Social Security Act (the "Act"). Thus, Magistrate Judge Corker recommended that the plaintiff's motion for judgment on the pleadings [Doc. 14] be denied and the Commissioner's motion for summary judgment [Doc. 19] be granted.

**I.    Background**

Plaintiff applied for disability insurance benefits beginning April 6, 2010, but later amended her alleged onset date to November 2, 2011. Plaintiff claimed she was disabled

due to anxiety; bipolar disorder; emphysema; arthritis in her hips, knees, and back; difficulties concentrating; manic or depressed; outbursts of crying and fearful in crowds; and muscle spasms in her back [R. at 125]. Plaintiff's claim was denied initially and on reconsideration. Following a hearing, ALJ Marshall Riley issued a February 13, 2012 decision that plaintiff was not disabled as defined in the Act. The Appeals Council denied the plaintiff's request for review, and plaintiff sought judicial review of the Commissioner's decision in this Court. U.S. District Judge J. Ronnie Greer remanded the case to the agency on December 22, 2014 for "further evaluation of the plaintiff's RFC, noting that her insured status expired December 31, 2012." Specifically, the Court instructed the agency to consider the plaintiff's use of a cane on her residual functional capacity ("RFC") for light work. The Appeals Council remanded the case to the ALJ for further proceedings consistent with Judge Greer's order. Plaintiff's second claim for benefits filed in June 2013, alleging disability since February 2012, was consolidated for decision on both claims.

Following a second hearing and consideration of additional evidence, ALJ Riley again concluded that plaintiff was not disabled as defined in the Act. The ALJ concluded that plaintiff had the following severe impairments as of the date last insured: fibromyalgia, arthritis, chronic obstructive pulmonary disease, obesity, and an affective disorder. Nevertheless, the ALJ concluded that plaintiff retained the RFC for light work with limitations on climbing, balancing, stooping, kneeling, crouching, crawling, and exposure to fumes, odors, dusts, gases, and poor ventilation. Thus, he concluded that plaintiff could perform other work that exists in significant numbers in the national economy and her

application was denied. After the June 5, 2015 decision became final, plaintiff sought judicial review in this Court.

## II. Standard of Review

The Court's review of Magistrate Judge Inman's Report and Recommendation is *de novo*. 28 U.S.C. § 636(b). This review, however, is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health & Human Servs.,* 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, the reviewing court will uphold the ALJ's decision if it is supported by substantial evidence. *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.,* 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison,* 305 U.S. at 229).

"Where substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Crum v. Sullivan,* 921 F.2d 642, 644 (6th Cir. 1990) (citing *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir.1986) (en banc)). This standard of review is consistent with the well-settled rule that the

3

reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations, because these factual determinations are left to the ALJ and to the Commissioner. *Hogg v. Sullivan,* 987 F.2d 328, 331 (6th Cir. 1993); *Besaw v. Sec'y of Health & Human Servs.,* 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have come to different factual conclusions as to the plaintiff's claim on the merits than those of the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg,* 987 F.2d at 331.

### III. Plaintiff Objects to the ALJ's Evaluation of the Evidence in Determining Her Residual Functional Capacity

Plaintiff first complains that the R&R failed to consider all of the material facts related to her mobility and need for a cane. The R&R incorporated the facts as set forth in the Commissioner's brief and therefore plaintiff contends that the Magistrate Judge did not consider all of the material facts [Doc. 22 at pp. 2—8]. In response, the Commissioner notes that the Magistrate Judge is not required to summarize or explicitly address every part of the record in order to properly consider whether the ALJ's decision is supported by substantial evidence [Doc. 23 at pp. 3—9].

First, it is worth noting that the plaintiff cites no authority for the argument that either the Magistrate Judge or the ALJ is required to discuss all of the facts in the record. The ALJ's ruling stated several times that he considered all of the evidence in the record and the Court accepts that he did so as long as his conclusions are supported by the record as a whole. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 730 (6th Cir. 2013) ("the

4

ALJ was not required to discuss all the evidence, as long as her factual findings as a whole show that she implicitly considered the record as a whole"); *Boseley v. Comm'r of Soc. Sec.*. 397 F. App'x 195, 199 (6th Cir. 2010) ("Neither the ALJ nor the Council is required to discuss each piece of data in its opinion, so long as they consider the evidence as a whole and reach a reasoned conclusion"); *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party") (quoting *Loral Defense Sys.-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).

The Court further notes that almost all of the medical treatment identified in plaintiff's objection [Doc. 22 at pp. 3—8] are mentioned by the R&R and the ALJ's decision. Plaintiff's application was remanded to the agency to specifically consider whether plaintiff's use of a cane impacted her ability to perform light work. The ALJ discussed plaintiff's testimony as to her use of a cane, all of the medical opinions regarding her ability to stand and/or walk for six hours or at least four hours, and her subjective complaints contained in the record. Moreover, there is substantial evidence in the record to support the ALJ's decision. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Accordingly, this objection will be overruled.

IV. **Plaintiff Objects to the R&R Finding That Substantial Evidence Supports the ALJ's Decision to Afford Little Weight to the Opinion of Plaintiff's Treating Physician**

Plaintiff complains that the ALJ should have given controlling weight to the opinion of her treating physician, Dr. Amylyn Crawford and the R&R is in error by finding

5

substantial evidence to support that decision [Doc. 22 at pp. 8—15]. The opinion in question is Dr. Crawford's certification that plaintiff met the definition of a "disabled driver" contained in Tenn. Code Ann. § 55-21-102(3)(A) in order to qualify for a disabled person license plate or placard [R. at 757]. Dr. Crawford agreed that plaintiff could meet the definition of being unable to walk two hundred feet without stopping to rest and that plaintiff could not stand or walk more than two hours out of an eight-hour work day [*Id*.]. The ALJ gave little weight to Dr. Crawford's opinions because they were "not consistent with the objective evidence of record and seem to based, at least in part, on the claimant's subjective complaints" [R. at 312]. The R&R found that there was substantial evidence in the record to support this finding.

The R&R thoroughly considered Dr. Crawford's opinion in comparison to the other medical opinions and the objective evidence in the record. Magistrate Judge Corker found that there was substantial evidence in the record, including questions as to the credibility of plaintiff's subjective complaints, to support the ALJ's decision to give Dr. Crawford's opinion little weight. This finding is in compliance with the rule that a treating physician's opinion is not entitled to controlling weight if the opinion is not supported by "medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). A careful review of the record does not warrant a different conclusion and the Court finds no reason to rehash Judge Corker's analysis. *See Rudd*, 531 F. App'x at 727 ("because the ALJ's opinion was supported by substantial evidence, it must be upheld, despite conflicting evidence"). This objection will be overruled.

6

## V. Conclusion

After a careful review of the record and the parties' pleadings, the Court is in complete agreement with the Magistrate Judge's recommendation that plaintiff's motion for judgment on the pleadings be denied and the Commissioner's motion for summary judgment be granted. Accordingly, the Court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Thus, for the reasons stated in the Report and Recommendation, which the Court adopts and incorporates into its ruling, the plaintiff's motion for judgment on the pleadings [Doc. 14] will be **DENIED**; the defendant Commissioner's motion for summary judgment [Doc. 19] will be **GRANTED**; the defendant Commissioner's decision in this case denying plaintiff's application for benefits under the Social Security Act will be **AFFIRMED** and this case will be **DISMISSED**.

An appropriate order will be entered.

    s/ Thomas W. Phillips
    SENIOR UNITED STATES DISTRICT JUDGE